Daniel J. McAvoy, J.
The defendants Eckert have moved to dismiss plaintiff’s action for a declaratory judgment. Prior to the commencement of such action they had secured judgments against plaintiff Allstate’s insured, the defendant Robert 0. Coe, arising out of 'his alleged negligence in the operation of a motor vehicle.
Upon the trial of the negligence cases the insurance company’s attorney attempted to reserve its rights to disclaim liability on the ground that its insured failed to co-operate. This action is brought for a declaration of its right to disclaim under the circumstances.
Shortly after the commencement of this declaratory judgment case, the Eckerts brought an action to recover over against the insurance company on their judgments, pursuant to section 167 (subd. 1, par. [b]) of the Insurance Law. The insurance company was able to start its action first because the Eckerts were required, under the statute, to wait for a period of 30 days from the date of service of notice of entry of their judgments upon the insurer and the insured before commencing their actions.
The Eckerts argue, in support of this motion to dismiss the declaratory judgment action, that the insurance company can *324 and should litigate its defense of failure to co-operate in the statutory action — that otherwise, they will be deprived of their right to a jury trial of the issues.
The question of priority in time in the commencement of an action such as this should not be the controlling factor, but rather, consideration should be given to the question as to which type of action is best suited to resolve the issues under the circumstances of a particular case.
The facts set forth in the motion papers here indicate that on the morning of the second day of the trial of the negligence cases, after plaintiff had rested, defense counsel informed the court that the defendant (the insured) had failed to appear in court pursuant to instructions and therefore he wished to reserve the right to disclaim under the terms of the policy. Thereupon, counsel for the plaintiffs (Eckert) informed the court on the record, and the insurer’s counsel, that he would not oppose a motion for an adjournment or continuance of the trial in order to give insurer’s counsel an opportunity to investigate the matter, locate the insured and produce him in court. To put it another way, he offered to consent to such an adjournment or continuance.
However, insured’s counsel made no request for an adjournment but elected to proceed with the trial in the absence of the insured. He read the insured’s deposition, taken before trial, to the jury, summed up the case and in short participated in the trial to its conclusion.
During the noon recess, the insured was located and appeared in court. He stated that his car had broken down and that he had taken it to a garage for repairs; that by the time they were completed it was after 10:00 a.m. and he thought it was too late to appear in court.
The problems presented in this litigation are:
(1) Whether the insured voluntarily failed to co-operate with the insurer to its prejudice; and
(2) If so, was such failure waived by the insurer?
The facts above enumerated are mostly matters of record and hence there can be no serious dispute concerning them. In such case the issues involve mainly the legal effect or conclusions to be drawn from the facts. (See Orange County Trust Co. v. Merchants Acceptance Corp., 279 App. Div. 689; 6 Carmody-Wait, New York Practice, p. 712, § 28.) This is a function to be performed by the court rather than the jury. If the basic facts necessary to resolve the issues as to a breach and waiver are not in dispute, then the court may proceed to render a judgment declaring the rights and liabilities of the *325 parties under the circumstances. (See Miller v. Union Ind. Co. 211 App. Div. 840, affd. 240 N. Y. 627; Ann. 70 A. L. R. 2d 1203-1209 and cases therein cited.) If it does develop that there are substantial questions of fact to be determined before judgment can be rendered, the court may then direct their submission to a jury. (See Rules Civ., Prac., rule 213.)
Since it now appears that questions of law will predominate in this litigation and that there can be no real dispute as to any of the material facts, this court is of the opinion that a declaratory judgment affords an appropriate and expeditious remedy, rather than the statutory action. Therefore, the motion to dismiss is denied.